United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE ENRIQUE CRUZ PEREZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-08773-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Jorge Enrique Cruz Perez is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus, he alleges that his continued detention violates his procedural due process rights under the Fifth Amendment. *See* ECF No. 1 ¶¶ 31–39. Shortly after filing the petition, the Court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court ordered immediate release on due process grounds. ECF No. 4 (citing *Jimenez v. Chestnut*, No. 1:26-CV-04128-NW, 2026 WL 2323047 (E.D. Cal. Aug. 11, 2026); *Silva Alvarez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04067-NW, 2026 WL 1826484 (E.D. Cal. June 24, 2026); *Arteaga Valdivia v. Chestnut*, No. 1:26-cv-08151-NW, ECF No. 10 (E.D. Cal. October 26, 2026)). Respondents filed a timely response to the Court's order to show cause, stating that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." ECF No. 6 at 2. They further conceded that "[t]here appears to be no significant differences between the instant matter and the cases cited by the Court in its minute order[.]" *Id.*

Petitioner alleges the following in his petition. Following his entry into the United States, he applied for asylum. ECF No. 1 ¶ 10. In September 2026, Petitioner attended his first immigration court hearing pursuant to the pending application. *Id.* ¶ 11. The Immigration Court did not issue a ruling at that time, and instead set the merits hearing for a date in June 2029. *Id.* ¶ 12. Petitioner was not detained by ICE at the hearing. Rather, he was arrested by ICE while driving to work roughly a month later. *Id.* ¶¶ 13–17. Nothing had changed between Petitioner's last immigration hearing and his subsequent detention. Indeed, Petitioner has no criminal history and has attended all required immigration hearings. *Id.* ¶¶ 19–20.

Pursuant to the reasoning in *Jimenez v. Chestnut* and *Silva Alvarez v. Warden, California City Immigr. Processing Ctr.*, Petitioner is entitled to relief on his due process claim. As this Court and others have held, a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process. *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026). That reasoning applies here. Petitioner has been living at liberty while his asylum application was considered by the immigration court. Immigration authorities were aware of Petitioner's presence in the United States during this period and choose not to detain him. Indeed, he recently attended an immigration hearing and was not detained. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom while his immigration case proceeded.

Petitioner was entitled to process to commensurate with this liberty interest. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Though Respondents argue that they have authorization to detain Petitioner under 8 U.S.C. § 1225(b)(2), "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Because

Petitioner was permitted to live at liberty as his immigration proceedings progressed, he was entitled to process prior to the deprivation of his freedom. As ICE failed to provide Petitioner with notice or a hearing prior to his detention, the appropriate remedy is immediate release.

For the reasons above, the petition for writ of habeas corpus is GRANTED. The Court ORDERS Respondents to immediately release Petitioner from their custody. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Noël Wise
United States District Judge